IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EZEKIEL J. GLICK,

                      Plaintiff,

   v.                                                      OPINION AND ORDER

KEVIN KREE,
JACKEBSON,                                        25-cv-545-wmc
PARKER,
IAN MICKELSON,

                      Defendants.

---

Representing himself, plaintiff Ezekiel J. Glick filed a complaint under 42 U.S.C. § 1983, against multiple officials employed at the Taylor County Jail, where Glick is currently confined. (Dkt. #1.) Because plaintiff is a prisoner proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). The court must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one drafted by a lawyer. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, because plaintiff's complaint does not comply with pleading standards in the Federal Rules of Civil Procedure, the complaint must be dismissed. Therefore, to avoid dismissal of this lawsuit, plaintiff will need to submit an amended complaint that corrects the deficiencies identified below.

OPINION

Plaintiff alleges that on "June 13th" he was denied his constitutional right to practice

his Mennonite religion. He does not elaborate or say what he requested or which defendant was responsible for denying the request. Plaintiff alleges further that, on an unspecified date, defendant Kevin Kree denied his request for "legal supplies." Plaintiff does not specify what legal proceeding he was working on or allege that his ability to pursue a nonfrivolous claim was hampered. On another unspecified date, an unidentified defendant would not let plaintiff send out legal mail in a timely manner. Again, plaintiff does not specify the legal proceeding or allege that he was prejudiced from being unable to send timely mail. Plaintiff next alleges that defendant Jackebson disrespected him by telling plaintiff on an unspecified date to "shut the fuck up" when plaintiff asked "them" to look at a Wisconsin statute. Plaintiff further alleges that, on another unspecified occasion, defendant Parker made fun of him for reading the Bible. Finally, plaintiff alleges that defendant Ian Mickelson, who is an Assistant District Attorney, threatened plaintiff when he did not have an attorney.

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The primary purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's vague allegations are insufficient to satisfy Rule 8 or to state a viable claim against any of the defendants. Although plaintiff's *pro se* pleadings are entitled to leniency, he is not excused from meeting the basic requirements of Rule 8(a)(2). *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

There is another, more pressing problem with plaintiff's complaint because it also violates Federal Rule of Civil Procedure 20, which prevents multiple defendants from being joined together in one lawsuit unless all of the claims asserted against them arise out of the same occurrence or series of occurrences. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Here, plaintiff has not successfully demonstrated that all of his claims are properly asserted as to all of the defendants in this lawsuit. Accordingly, the complaint will be dismissed.

The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). The court will grant plaintiff a 30-day window to file an amended complaint, preferably on one of the court's approved forms for prisoners filing civil actions or similar form available from the prison law library. To comply with Rule 8, plaintiff must provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused. To comply with Rule 20, plaintiff may bring only *one* set of claims in this lawsuit. Plaintiff is advised that any amended complaint will be screened under 28 U.S.C.

3

§ 1915(e)(2)(B), and that any failure to respond will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1) Plaintiff Ezekiel J. Glick is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice, for failure to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 20.

2) The clerk's office is directed to provide plaintiff with a prisoner packet containing a civil rights complaint form.

3) Plaintiff has until **March 6, 2026** to file an amended complaint that satisfies the requirements of Federal Rules of Civil Procedure 8 and 20. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered the 4th day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge